No. 11,385.

MUNSON v. SCHADE, ET AL.

Decided June 7, 1926. Rehearing denied June 28, 1926.

Action to cancel decree for water rights. Judgment for defendants.

*Affirmed.*

1. APPEAL AND ERROR—*Findings.* Findings of the trial court on conflicting evidence will not be disturbed on review.

2. WATER RIGHTS—*Abandonment—Evidence.* Strong evidence is necessary to show abandonment of a valuable part of an irrigation system while the remainder is maintained.

3. *Abandonment—Sufficiency of Evidence.* In an action to cancel water right decree, evidence reviewed and held not to conclusively show abandonment of a reservoir.

*Error to the District Court of Weld County, Hon. Robert G. Smith, Judge.*

Mr. HARRY S. CLASS, for plaintiff in error.

Mr. G. W. HUMPHREY, Messrs. CRUMP & RILEY, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error brought this action against the defendants in error to cancel a decree for water rights in ditches numbered 7 and 13 in Arapahoe and Adams counties and for storage rights in reservoir No. 14 in said counties. Upon trial to the court he was defeated and brings error.

The record does not show ground for reversal. The ground of the action was abandonment, and that is the issue which was tried; the only claim which the plaintiff in error makes here is that the evidence required a decision in his favor, but, since the court found in favor of the defendants upon conflicting evidence, we must let the judgment stand. In argument plaintiff in error concedes his claims as to the ditches and rests his case solely on abandonment of the reservoir, but he insists that the undisputed facts as to that make so strong a case of abandonment that it cannot be avoided. We cannot agree with this. His points here are: (1) The plan for raising the reservoir water by gasoline engine was impracticable from its inception. This seems to be true, but other means were employed. (2) No crops were grown by means of this system at any time. This seems to be true but is answered as above. (3) Adams feared a patent would be refused and that it would require some political pull to obtain it. This if not irrelevant is inconclusive. (4) The dam was in disrepair and incapable of holding water for eleven years from 1912 to 1923. This is important but is somewhat weakened by the fact that before this suit the dam was repaired and that the defendant Schade and his predecessors in ownership were using the water by means of the reservoir continuously. The reservoir was a part of their general plan; the use of the water was another part, and while it requires strong evidence to show the abandonment of a valuable right, not less if not more does it require to show an abandonment of a valuable part of a system while the remainder is maintained. (5) One Elliott, then owner, offered to sell the engine and did sell a portion of the pipe, declaring their use was too expensive. This is answered by the answer to objections 1 and 2 above. (6) One West, a grantor of Schade, plowed a portion of the reservoir site about 1914. We are not informed how much he plowed nor for what purpose. No conclusion

can be drawn from this. (7) Munson built his reservoir in 1921, two years before Schade attempted to repair. This does not tend to show that Schade or any of his predecessors ever intended not to repair. (8) A ditch leading out of the reservoir has been allowed to grass over. This stands in the same position as the disrepair of the dam. The water all the time was being used by means of what is in the evidence termed sub-irrigation, which was in fact, it would seem, damming up the stream to flood meadows, which is a legitimate method of irrigation, which could be used in connection with the reservoir as one general plan. This point therefore, is not conclusive. (9) Schade's excuse for not repairing was poverty, and it is claimed that poverty is no excuse and that he wasn't poor, but these are both collateral questions—the real question is, What did these several consecutive owners intend? The court has found in favor of the defendants on that point, and, though their long delay in repairs is strong evidence against them, yet we cannot say that it is conclusive.

Judgment affirmed.

Mr. Chief Justice Allen and Mr. Justice Whitford concur.

### On Motion for Rehearing.

The motion for rehearing calls to our attention that we have misstated one fact, i. e., that the water went through the broken dam for use below. This is not a material matter and does not alter our conclusion; we therefore correct the error and deny the motion.